IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EDWARD J. SMITH,

Plaintiff,

vs.

ELIZABETH HUMPHREY, and JOSEPH
HENDRICKS,

Defendants.

8:24CV271

ORDER

Pro se plaintiff, Edward Smith alleges the Elizabeth Humphrey and Joseph Hendricks conspired to falsify evidence in state court proceedings—forcing the sale of his property. These allegations trigger Fed. R. Civ. P. 9(b), which requires fraud to be pled with particularity. Because Smith does not, his complaint does not survive initial review. But Smith may file an amended complaint setting out the what and the how of the alleged fraud.

**SUMMARY OF THE COMPLAINT**

Smith's complaint alleges Humphrey and Hendricks (both Texas residents) "conspired with Elizabeth's mother . . . to knowingly and intentionally commit a criminal act of preparing and presenting false evidence with the results ending with the fraudulent" theft of Smith's real estate property. Filing No. 1 at 5. Specifically, Defendants "prepared false evidence in an Affidavit for Transfer of Real Property without Probate and a Complaint for Partition to force the [sale]" of Smith's property. *Id.* In connection with the scheme, Humphrey "forged an Amortization Schedule on October 5, 2018, which was used as a legal document and the basis and foundation to misrepresent facts and fabricate evidence in a Complaint for Partition." *Id.* at 7. Additionally, Defendants "willingly

1

and deliberately prepar[ed] and submit[ed] tampered physical evidence" at a state court trial on April 10, 2023, and "willingly fil[ed] false facts on an Affidavit for Transfer of Real Property without Probate." *Id.* Smith does not identify what false statements Defendants made in these documents, what portions were fabricated, or how the false statements led to the sale of his property. "[T]he agreement between the criminal conspirators worked and without holding any interest in the Plaintiff real estate property on May 28, 2024," Smith lost "his property and it now awaiting the unlawful referee's" sale "of the property." *Id.* at 5. Because of this conspiracy, Smith suffered financial losses valued at $390,000. *Id.* at 4.

## STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Fed. R. Civ. P. 9(b) provides "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . .." But "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R.

2

Civ. P. 9(b). The particularity requirement "deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel in terrorem settlements," "protects against damage to professional reputations resulting from allegations of moral turpitude," and "ensures that a defendant is given sufficient notice of the allegations against him to permit the preparation of an effective defense." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). But, because a pro se plaintiff "still must allege sufficient facts to support the claims advanced" (*Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)) the pro se plaintiff must allege fraud with particularity in compliance with Rule 9(b). *See Mayer v. Countrywide Home Loans*, 647 F.3d 789, 792 (8th Cir. 2011).

## ANALYSIS OF THE COMPLAINT

Smith's allegations of fraud do not comply with Fed. R. Civ. P. 9(b), and without them, he does not state a plausible claim for relief, so his "complaint must be dismissed." *Bell Atlantic Corp.*, 550 U.S. at 569–70.

The Court has diversity jurisdiction over Smith's claim. Under 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over state law disputes between "Citizens of

3

different States" "where the matter in controversy exceeds the sum or value of $75,000."

Here, Humphrey and Hendricks are citizens of Texas and Smith is a citizen of Nebraska.

Smith alleges there is $390,000 at issue.  So, the Court has jurisdiction.

Fed. R. Civ. P. 9(b) applies because Smith alleges fraud.  Rule 9(b) applies if

Smith's claims "are grounded in fraud." *Collins v. Metro. Life Ins. Co.*, 117 F.4th 1010,

1017 (8th Cir. 2024).  Here, while Smith's specific cause of action is unclear, he alleges

Defendants: "prepar[ed] and present[ed] false evidence," "agreed to commit to act

fraudulently to steal the Plaintiff's real estate property," and "knowingly, willingly, and

deliberately prepar[ed] and summitt[ed] tampered physical evidence."  Filing No. 1 at 4-

5.  And "Plaintiff is still suffering financial losses because of the Defendant's successful

criminal conspiracy that committed fraud."  *Id.*  These allegations are grounded in fraud.

Smith's bare allegations do not allege fraud "with particularity" as required by Fed.

R. Civ. P. 9(b). Rule 9(b) requires that a fraud claim "specify the time, place, and content

of the defendant's false representations, as well as the details of the defendant's

fraudulent acts." *OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch.*, 851 F.3d

800, 804 (8th Cir. 2017) (*quoting Streambend Props. II, LLC v. Ivy Tower Minneapolis,

LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015)).  "In other words, [Federal] Rule 9(b) requires

plaintiffs to plead the who, what, when, where, and how: the first paragraph of any

newspaper story." *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1050 (8th Cir. 2024).  Here,

Smith labels documents as "forged," evidence as "fabricated," and acts as "fraudulent"

but does not fill in the details of the fraud.  For example, he does not say what the forged

documents said, how the fabricated evidence was used before the state court, the nature

and contents of the fraudulent statements, or how those alleged falsities led to the loss of

his property.  The closest he comes is his allegations regarding a "forged . . . Amortization Schedule" and "willingly fil[ed] false facts on an Affidavit for Transfer of Real Property without Probate," but the complaint does not say what the forged documents said, what facts they were used to establish in court, or their relationship to the property at issue. Filing No. 1 at 5.  Put another way, per Rule 9(b) labeling something as fraudulent does not make it so and Smith's bald allegations do not establish the "what" and "how" of the fraud.  So, the Court cannot consider them to determine whether Smith states a claim for relief.

Stripped of conclusory allegations of fraud, Smith's complaint does not state a plausible claim for relief.  All that is left is: Defendants traveled from Texas, Defendants intended to steal Smith's property, Defendants agreed to do so with other conspirators, there were state court proceedings involving Smith's property, Smith's property is up for auction at a referee's sale, and Smith suffered damages.  This leaves a gaping hole about what Defendants did to harm Smith.  Without additional allegations about the fraud to fill that hole, there is insufficient factual material to "nudge[] [Smith's] claims across the line from conceivable to plausible." *Bell Atlantic Corp.*, 550 U.S. at 569–70.  So, his claim fails to state a claim upon which relief may be granted and must be dismissed.

The Court will allow Smith to file an amended complaint.  If Smith chooses to file an amended complaint, he should identify specific false statements and fraudulent acts, and explain how those false statements caused him harm.

## CONCLUSION

Smith's complaint depends on fraud.  But, his allegations about fraud are too vague to state a claim for relief, meaning his complaint is subject to preservice dismissal  under

28 U.S.C. § 1915(e)(2) and 1915A.  Out of an abundance of caution, however, the Court, on its own motion, will give Plaintiff 30 days in which to file an amended complaint.  Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

Therefore, IT IS ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set this pro se case management deadline: June 29, 2025—amended complaint due.

5.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 29th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

6