IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD J. SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>ELIZABETH HUMPHREY, and JOSEPH HENDRICKS,<br><br>        Defendants. | 8:24CV271<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of Plaintiff's Amended Complaint, Filing No. 7, pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, this matter will proceed to service of process against Elizabeth Humphrey only. Joseph Hendricks is dismissed as a defendant.

I. **BACKGROUND**

The Court conducted an initial review of Plaintiff's, Edward Smith's, Complaint on May 29, 2025. It noted Smith's complaint alleged Humphrey and Hendricks "conspired with Elizabeth [Humphrey]'s mother . . . to knowingly and intentionally commit a criminal act of preparing and presenting false evidence with the results ending with the fraudulent" theft of Smith's real estate property. Filing No. 1 at 5. The Court concluded the Complaint lacked specific allegations to support Smith's claim of fraud.

II. **SUMMARY OF AMENDED COMPLAINT**

As in his first Complaint, Smith alleges Elizabeth Humphrey and Joseph Hendricks fraudulently deprived him of real property. However, he has included additional factual allegations and attachments that shed further light on the situation and provide important details.

Donald and Barbara Humphrey were married. Defendant Elizabeth Humphrey is their daughter. It is not clear who Defendant Joseph Hendricks is or what his relationship is to any of the other parties. Donald and Plaintiff Smith purchased a piece of property together. Smith lived on the property. Smith alleges that Donald's contribution of $25,000 toward the purchase price of $35,000 was a loan to Smith, and that Donald subsequently orally forgave the loan, meaning Smith owned the property outright. Donald died. Thereafter, Barbara filed a complaint for partition in Douglas County, Nebraska, District Court. Filing No. 7 at 44. She alleged Donald had not forgiven the house loan and that Smith still owed Donald approximately $16,000 at the time of his death. Filing No. 7 at 45–46. Because of the outstanding loan, she contended Donald and Smith had been joint tenants in common over the property and that Donald's interest had passed to her following his death. Filing No. 7 at 82–85. She asked the Court to order the property to be partitioned, sold, and the proceeds awarded to her and Smith in proportion to their ownership interests. Filing No. 7 at 84. It appears her request was ultimately granted, as Smith alleges he no longer owns the subject property.

### III.    APPLICABLE LEGAL STANDARDS

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 9(b) requires that a fraud claim "specify the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts." *OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch.*, 851 F.3d 800, 804 (8th Cir. 2017) (*quoting Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015)). "In other words, [Federal] Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1050 (8th Cir. 2024).

IV.    **DISCUSSION**

A.    **Subject-Matter Jurisdiction**

The Court previously determined Smith had alleged facts to support diversity jurisdiction over his claims. *See* Filing No. 6 at 3–4 ("Humphrey and Hendricks are citizens of Texas and Smith is a citizen of Nebraska. Smith alleges there is $390,000 at

3

issue. So, the Court has jurisdiction."). Smith's Amended Complaint now clarifies that he lost the property at issue during a partition proceeding in the Douglas County District Court. There is therefore some concern that this Court may lack subject-matter jurisdiction over the claim under the *Rooker–Feldman* doctrine. The Court first assures itself it has jurisdiction over the case before addressing the claims against each of the Defendants.

The *Rooker–Feldman* doctrine precludes district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However, courts "have distinguished claims attacking the decision of a state court from those attacking an adverse party's actions in obtaining and enforcing that decision." *MSK EyEs Ltd. v. Wells Fargo Bank, Nat. Ass'n*, 546 F.3d 533, 539 (8th Cir. 2008).

Here, Smith does not ask the Court to invalidate any of the state-court orders in the partition action but rather takes issue with Humphrey and Hendricks's alleged actions in conjunction with the state-court case. Accordingly, the *Rooker–Feldman* doctrine does not apply, and the Court has jurisdiction over the case.

**B. Fraud Claim against Humphrey**

Smith's Amended Complaint and attachments contain added factual allegations that allow Smith to meet Rule 9(b)'s specificity requirement as to his fraud allegation against Humphrey. Smith alleges that Humphrey created two fraudulent documents that she convinced Barbara (Humphrey's mother and the plaintiff in the state-court case) to

use in the partition action which led the state court to grant the action and sell the property: an amortization schedule for the house loan and an affidavit for transfer of real property. Filing No. 7 at 1 –8.  The amortization schedule was used at an October 5, 2018, hearing by Barbara or her attorney to show that there had been a loan repayment agreement between Smith and Donald.  Filing No. 7 at 5–6.  The amortization schedule listed the supposed dates for repayment of the $25,000 plus 4% interest commencing December 1, 2015, meaning it served as evidence that there was still an outstanding balance on the loan at the time of Donald's death in August 2018.  Smith alleges, "Elizabeth [Humphrey]'s amortization schedule[,] however, was the single source of Barbara J. Humphrey's (Barbara), fraudulent claim in a State Court lawsuit against Smith claiming Smith still owed $16,000 on a loan that Barbara knew, had already been forgiven and no longer owed."  Filing No. 7 at 6.  The amortization schedule was apparently material in that the state court found the loan had not been forgiven.

Smith also alleges Humphrey created a fraudulent affidavit that was utilized in the partition action as well.  According to Smith, "Elizabeth [Humphrey] asked [Barbara's attorney] to file the Affidavit and placed her mother Barbara's name on this legal document instead of her own."  The affidavit, dated September 25, 2018, is entitled "Affidavit for Transfer or Real Property without Probate" and is signed by Barbara and notarized.  Filing No. 7 at 21–22.  It states that Donald was "the sole owner of the real property" at issue and that Barbara is "entitled to the real property per the will of the deceased."  Filing No. 7 at 21.  Smith alleges the state court relied on the falsified affidavit to conclude Barbara held an interest in the property when, in fact, it was exclusively Smith's.

These allegations meet the specificity requirements of Rule 9(b).  Smith has now elaborated on the who, what, where, when, and why of Humphrey's alleged fraud and why it was material to the outcome of the state-court partition action.  Liberally construed, Smith has alleged facts that could constitute a cause of action for some form of fraud under Nebraska law.  *See, e.g.*, *Eggleston v. Kovacich*, 742 N.W.2d 471, 479 (Neb. 2007) (stating that for an action seeking to impose a constructive trust, "a party seeking to establish the trust must prove by clear and convincing evidence that the individual holding the property obtained title to it by fraud, misrepresentation, or an abuse of an influential or confidential relationship and that under the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained"); *see also* *Schneider v. Lobingier*, 117 N.W. 473, 474 (Neb. 1908) (finding a proper proceeding to obtain relief where the defendant obtained a conveyance of property based on false statements from the defendant).

### C. Fraud Claim Against Hendricks

While Smith has now complied with the pleading specificity requirements of Rule 9(b) as to his fraud allegation against Humphrey, the same cannot be said of his allegation against Hendricks.  Similar to his claim against Humphrey, Smith alleges Hendricks fraudulently deceived the state court in the partition action, but Smith's Amended Complaint is devoid of the type of specific facts required by Rule 9(b).  Hendricks is sparsely mentioned in the complaint and does not appear in any of the documents from the state-court partition action.  The extent of Smith's fraud allegation against Hendricks is that Hendricks recorded a conversation between Barbara, Smith, and Humphrey on September 16, 2016, but then strategically edited it before it was presented as an exhibit

6

in the state-court case. Filing No. 7 at 11–12. But Smith does not allege what the conversation was about, what portions were allegedly omitted, or why the recording or the strategic editing were material to the court's determination in the partition action. Accordingly, there is insufficient factual material to "nudge[] [Smith's] claims across the line from conceivable to plausible." *Bell Atlantic Corp.*, 550 U.S. at 569–70. So, his claim against Hendricks fails to state a claim upon which relief may be granted and must be dismissed.

V.     CONCLUSION

For purposes of initial review, Plaintiff's Complaint, Filing No. 1, and Amended Complaint, Filing No. 7, allege a plausible fraud claim under Nebraska law against Elizabeth Humphrey. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint and supplemental Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. This matter will proceed to service of process as set forth below.

IT IS THEREFORE ORDERED:

1. Defendant Joseph Hendricks is dismissed without prejudice as Defendant.
2. This matter may proceed to service of process against Defendant Elizabeth Humphrey.
3. To obtain service of process on Defendant Elizabeth Humphrey, Plaintiff must complete and return the summons forms that the Clerk of Court will provide. The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as

7

    possible, complete the forms and send the completed forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them together with a copy of the Complaint, Filing No. 1, Amended Complaint, Filing No. 7, and a copy of this Memorandum and Order to the United States Marshals Service for service of process on Defendant Elizabeth Humphrey.[1]  Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service.  *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.  The Clerk of Court shall set a case management deadline accordingly.

7. Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

8. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current mailing address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 27th day of January, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge